GEORGE E. ALLEN & others *vs.* CHARLES WHITE & another.

In a will, the first clause contained a devise of certain real estate to F. and his heirs, which had lapsed by his death, childless, in the testator's life-time. After specific devises of real estate in the two following clauses, the testator in the fourth clause "gave and devised to P. and her heirs" "all the rest and remainder of" his "real estate, the same being" certain lots of land which he enumerated and described. There was no specific mention of real estate in any other clause except the fifth, in which he gave to G. "the right to live and have a home" on a certain part of the real estate included in the lapsed devise; and by this clause he also gave to G. a maintenance for life. All the clauses from the fourth to the twelfth, with this exception, contained only legacies of personal property; and in them all the testator used the phrases "I give" or "I give and bequeath," without mention of heirs, while in each of the first four clauses, which related only to real estate, he used the phrase "I give and devise," with words of inheritance. In the twelfth clause, which was the last which contained any disposition of property, he "gave and bequeathed to P. and E.," without words of inheritance, to be equally divided between them, "all the rest, residue, and remainder of" his "property and estate," "subject to the provision for the maintenance of G." *Held,* that the lapsed devise to F. passed by the twelfth clause to P. and E. in equal shares, and not to P. alone under the fourth clause.

PETITION of the children of Phebe Allen, deceased, for partition of certain real estate in Westport, alleging that they were seised of one fourth part thereof. The answer of Elizabeth White, one of the respondents, denied the seisin of the petitioners in more than one eighth part. Char es White, the other respondent, made no answer.

The case came before this court on appeal from a judgment rendered in the superior court for the petitioners, for one fourth part, on an agreed statement of facts, by which it appeared that the real estate in dispute is the same which was devised to Frederick S. Almy, by the first clause of the will of Richard Almy, who died seised of the disputed premises, but which devise had lapsed by the death of Frederick S. Almy, childless, in the testator's lifetime. This clause was as follows : " I give and devise unto my two grandsons, Frederick S. Almy and Richard Almy, children of my deceased son Willa.d, one undivided half of my homestead farm in Westport; also, one undivided half part of all the out-lots purchased with the said farm ; also, one undivided half part of the school-house lot, so called ; to them and their heirs, to be equally divided between them."

The first twelve clauses of the will were the only ones which contained any disposition of property. All other facts which are material are stated in the opinion.

*T. M. Stetson*, for the petitioners.

*O. Prescott*, for the respondent Elizabeth White.

HOAR, J. The single question in the case is whether the devise in the first clause of the will of Richard Almy to his son Frederick, which lapsed by the death of Frederick in the lifetime of the testator, passed to the petitioners under the fourth clause of the will, or to the petitioners and Elizabeth White under the twelfth clause ; and it is a question of no little difficulty. Either the fourth or the twelfth clause would have been sufficient to include the land in question, if it had stood alone ; and the uncertainty arises in determining which should control and qualify the other.

After specific devises in the first three clauses of the will, the fourth clause is as follows : " All the rest and remainder of my real estate, the same being " certain estates which he enumerates and describes, " I give and devise unto the children of my deceased daughter, Phebe Allen," (who are the petitioners,) " to them and their heirs, to be equally divided between them."

The fifth clause gives only personal estate, except that it gives to his son Godfrey the right to live and have a home on the

homestead farm in Westport, so long as he should choose to remain there; and gives to Godfrey a maintenance for life.

The other clauses, to the twelfth, contain only legacies of personal property.

The twelfth clause is as follows : " And the rest, residue and remainder of my property and estate, after the payment of my debts and the above legacy to Godfrey, I give and bequeath, one half of the same to my said daughter Elizabeth, and the other half to the children of my deceased daughter Phebe Allen, subject however to the provision in this my will for the support and maintenance of my son Godfrey, during his life."

By a codicil dated two weeks after the will, the testator gives and bequeaths to his son Godfrey and his daughter Elizabeth, a wood-lot, which was not mentioned in the will, to them equally and their heirs and assigns forever. There was no devise of real estate to Godfrey in the will, except the right to a home before recited.

There can be no doubt that the lapsed devise to Frederick passed to the residuary devisee. *Thayer* v. *Wellington,* 9 Allen, 283. But the petitioners contend that they are the residuary devisees of all the testator's real estate, under the language of the fourth clause ; and that the residue given in the twelfth clause is only of the personal estate. The argument for such a construction of the will is substantially this. The testator in the first four clauses of the will, which relate to real estate, uses the phrase with technical precision, " I give and devise ; " while in all the other clauses of the will, in none of which is there any mention of real estate, except the gift of a home to Godfrey in the fifth, he uses the phrase " I give," or " I give and bequeath ; " and the gift of the residue in the twelfth clause is by the words " give and bequeath." In each of the devises in the first four clauses, the devise is to the person or persons named, " to them and their heirs ; " in the twelfth clause there is no mention of heirs. The devise of " all the rest and remainder of my real estate " is a complete and sufficient residuary devise, and the addition of " the same being " certain parcels enumerated and specified, cannot impair or diminish the effect of the general

devise, if the enumeration turns out to be defective and incomplete. And lastly, it is argued that by construing the fourth clause as the residuary devise of the real estate, and the twelfth as referring, like those with which it is most directly connected, only to personalty, the whole will may be rendered effective and harmonious.

There is certainly much force in these suggestions. There is abundant authority for the proposition, that where there is a gift or grant by words of general description, they are not to be limited by a subsequent attempt at particular description, which does not include so much, unless such appears to be the intention from the whole instrument. The petitioners cite numerous cases in support of it, which need not be particularly referred to, as the general doctrine cannot be disputed.

But on the other hand the reasons for the construction for which the respondent contends are strong, and as we think, on the whole, more satisfactory. There is, in the first place, a doubt whether the testator meant the fourth clause of the will to have any effect or operation as a residuary clause, except so far as it declares the parcels of land thereby devised to be all the rest and remainder of his real estate not devised by the preceding clauses. The twelfth clause is in the general form of a residuary bequest; and, by the words "property and estate," is ample to include both real and personal property. He had already defined exactly what he meant and understood to pass by the fourth clause, and had shown that he did not intend to include in it the land devised to his grandson Frederick by the first clause, or any interest in it. The subsequent general gift of "the rest, residue and remainder of my property and estate," would include not only all estate not before given or devised, but every interest which by lapse or failure might be left undisposed of at his death. It is accompanied by no exception, limitation, or enumeration. It is found in a will which disposes of both real and personal estate, and is not therefore within the rule of construction adopted in *Bullard* v. *Goffe*, 20 Pick. 252. If the testator had intended that it should be confined in its operation to personalty, we think, from the clear and precise manner in which

the rest of the will is expressed, he would have been likely to say so in terms.

We are therefore of opinion that the true construction of the fourth clause is not that it was a devise of a residue, but of what the testator was then under the impression was the residue of his real estate, limited by express words to the parcels enumerated ; and that those only were devised by it.

We do not find much aid from the codicil, because it is not agreed as a fact, though it was stated in argument, that the testator owned the piece of land to which it relates, when he made his will. If he did then own it, it does not appear whether he had forgotten it when he made his will, or afterwards changed his mind in regard to its disposition. If the codicil were entitled to any weight in construing the will, it would be favorable to the construction which we have adopted.

The judgment of the court is, that the petitioners are entitled to have partition as owners of one eighth only of the land described in the petition.