MARGARET MARTIN *vs.* JAMES SMITH & another.

Middlesex. Jan. 17. — Feb. 8, 1878. ENDICOTT & SOULE, JJ., absent.

A gift by will of all the right, title, interest and estate, which the testator has as mortgagee of a parcel of land, is a bequest of personal property only, and passes no title in the land.

Where a mortgagor of land is the executor of the will of the mortgagee, and charges himself with the amount of the mortgage debt as assets in his hands as executor, this operates as a payment of the debt and a discharge of the mortgage.

A. died seised in fee of two parcels of land, one, on the north side of a certain street, occupied by buildings, and the other, a vacant lot, on the south side of the street. By his will, he devised to B. "all the real estate I may die possessed of, which property is situate on the north side" of said street. *Held*, that both parcels passed to B.

WRIT OF ENTRY, dated November 22, 1876, against James Smith and James Martin, to recover a parcel of land in Lowell. The case was submitted to the Superior Court, and, after judgment for the tenants, to this court, on appeal, on agreed facts in substance as follows:

Bartholomew Garrity was seised in fee of two lots of land in Lowell, one on the north side of North Street, which was occupied by buildings, and the other a vacant lot, called the "garden lot," on the south side of the same street. On July 3, 1854, he mortgaged the latter lot to his son, John Garrity, to secure the payment of a promissory note, on three years' time, for $937.34; and this mortgage was duly recorded. On July 2, 1860, John, not having taken possession under the mortgage, died, leaving a will, in which his father was appointed executor, and containing the following clauses:

"Fourth. Upon the decease of my said executor, I hereby give and bequeath to my nephews, James Smith, minor son of

my late sister Ellen, and to James Martin, minor son of my late sister Ann, all right, title, interest and estate that I have as mortgagee, in and to a certain parcel of land on North Street in said Lowell, known as the garden, to hold to them share and share alike ; during the lifetime of my said executor, I give said mortgage interest to him in trust for my said nephews.

"Fifth. All the rest, residue, and remainder of my estate, I give to my said executor in trust, for my said nephews, to hold and invest the same in some lawful manner for their benefit, and to be paid to them share and share alike upon the decease of said executor, or upon their or either of them respectively arriving at the age of twenty-one years."

Bartholomew Garrity was duly qualified as executor of his son's will, and on September 10, 1861, filed his first and final account in the Probate Court, in which he charged himself with the amount of the mortgage note as assets in his hands.

On December 13, 1868, Bartholomew died, and, by the third clause of his will, gave to his daughter, the demandant, "all the real estate I may die possessed of, to her and her heirs and assigns forever, which property is situate on the north side of North Street in said Lowell."

The tenants, who are grandchildren and two of the heirs at law of Bartholomew, on July 12, 1873, made an entry on the demanded premises, for the purpose of foreclosing the mortgage given by Bartholomew to John, claiming to be owners of the note and mortgage under the will of John ; and a certificate of this entry was duly recorded. Since the entry, the tenants have been in possession of the land.

*D. S. Richardson,* (*G. F. Richardson* with him,) for the demandant.

*G. Stevens & C. H. Conant,* for the tenants.

MORTON, J. By the fourth clause of the will of John Garrity, he gives the interest which he had as mortgagee in the demanded premises, to his father during his life, in trust for his nephews, the tenants, and, after the decease of his father, to his said nephews. This was a bequest of personal property, and did not pass to the tenants any title to the mortgaged land. The mortgage debt was overdue, and it was the right and duty of the mortgagor, who was also executor under the will, to pay it. It

appears that Bartholomew Garrity was duly qualified as executor, and that in 1861 he filed his account, in which he charged himself with the amount of the mortgage note as assets in his hands as executor.   This operated as payment of the note, and discharged the mortgage.   Bartholomew Garrity then held the balance of money in his hands as trustee under the will, for the benefit of the tenants, but they had no interest in the land, and therefore their entry to foreclose in 1873 was ineffectual,. and gave them no title to the demanded premises.

The remaining question is, whether the demandant proves an exclusive title in herself.   She claims under the third clause of the will of Bartholomew Garrity, which gives to her " all the real estate I may die possessed of, to her and her heirs and assigns forever, which property is situate on the north side of North Street in said Lowell."   At the time of his death, the tes· tator was seised and possessed of two lots of land, one a lot on the north side of North Street, occupied by buildings, the other a vacant lot on the south side of the street, being the demanded premises.   The devise of " all the real estate I may die possessed of " clearly includes both lots of land.

The general rule is undisputed, that a gift by words of general description is not to be limited by a subsequent attempt at particular description, unless such appears to be the intention of the testator from the whole will.   *Allen* v. *White,* 97 Mass. 504. This will, in its words of general description, purports to dispose of all the property, real and personal, of the testator.   There is nothing to indicate an intention to make only a partial disposition of his estate.   We are of opinion that the case falls within the general rule, and that the general description is not limited by the particular misdescription of the estate as being on the north side of the street.   It follows that the demandant shows an exclusive title in herself.       *Judgment for the demandant.*