FOSDICK P. HARRISON, administrator, *vs.* EMMA ROBERTS STEVENS & others.

Middlesex.     November 9, 1939. — March 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Devise and Legacy,* What property passes, Construction against intestacy.

The interest of a daughter, as sole next of kin of her mother, who had died nearly sixteen years before her, in a savings bank deposit represented by a book found among the daughter's effects could effectually be disposed of by the daughter's will although at her death there had been no administration of the mother's estate and the account still stood in the mother's name.

By a will of a woman naming as the only legatee a charitable institution, to which she gave "all" her property at the place of her residence and at a certain storehouse, the testatrix effectively bequeathed her interest as sole next of kin of her deceased mother in a savings bank deposit represented by a book in the mother's name found among the effects of the testatrix.

PETITION, filed in the Probate Court for the county of Middlesex on June 15, 1938.

The case was heard by *Monahan,* J.

*James F. Sullivan,* for the respondents Stevens and others.

*D. J. Triggs,* for the respondent Home for Destitute Catholic Children.

DONAHUE, J.   This is a petition for instructions, brought in the Probate Court by the petitioner as administrator with the will annexed of the estate not administered of Catherine Murphy.

Catherine Murphy died at the Cambridge Hospital on April 2, 1913, as the result of ptomaine poisoning.   On March 31, 1913, when she was an inmate in the hospital, an interne, at her request, wrote her will.   It was written by lead pencil on a letter head of the hospital.   It was duly executed by her on that day.   Three physicians connected with the hospital signed it as witnesses.   Omitting the signatures, the entire will was as follows: "Cambridge Hospital     Cambridge, Mass., 3–31–1913   For Home of Destitute Catholic Children I give devise & *bequeth* all my property at Randall Hall containing money & clothing and also property at Richardson store house Tremont St. Boston, comprising 3 (three) trunks after all other legal bills & expenses have been paid."

The petitioner seeks instructions as to whether a savings bank account* now standing in the name "Estate of Catherine Murphy, Fosdick P. Harrison, Administrator" should be paid to four second cousins of Catherine Murphy who are described as "her only heirs-at-law," or to the Home for Destitute Catholic Children, the only legatee named in her will.   The cousins and the Home for Destitute Catholic Children are named in the petition as parties respondent. The case was tried in the Probate Court on a "Statement Of Agreed Facts" and an agreement as to the testimony certain persons would give if called as witnesses.   A decree was entered directing the petitioner to distribute the net estate of Catherine Murphy including the proceeds of the savings bank account above mentioned to the Home for Destitute Catholic Children.   The heirs at law of Catherine Murphy have appealed from the final decree.

On April 29, 1913, two attorneys, since deceased, were appointed special administrators of the estate of Catherine

---

* This account was described in the petition as "a bank account in The Boston Five Cents Savings Bank standing in the name of Angelina Murphy who was the mother of said Catherine Murphy." — REPORTER.

Murphy, and on July 14, 1913, her will was admitted to probate, and they were appointed administrators with the will annexed of her estate. On September 8, 1913, they, as special administrators, swore to and filed an inventory which showed personal estate amounting to $414.62, one item being: "Cash in Boston Five Cents Savings Bank, $401.66."* The inventory contained the statement: "There was found among the effects of deceased a bank book in name of Angelina Murphy which we believe belongs to this estate. No administration has been taken out on the estate of Angelina Murphy." Angelina Murphy was a widow and the mother of the testatrix Catherine Murphy. Angelina died on July 20, 1897, leaving as her next of kin, her daughter Catherine. On October 6, 1913, the attorneys swore to and filed a first and final account as special administrators. They charged themselves with $414.62 and showed payments for their services and disbursements, and the payment of the balance to themselves as administrators with the will annexed. The account contained a statement to the effect that their services resulted in the recovery of $1,800 which was in the name of Angelina Murphy, the mother of Catherine.

The same attorneys on September 26, 1913, were appointed administrators of the estate of Angelina Murphy, and on December 30 of that year they swore to and filed an inventory with a single item, showing a deposit in the Boston Five Cents Savings Bank of $1,789.51. Four years later, on October 18, 1917, the administrators of the estate of Angelina Murphy signed and swore to a first and final account. It showed the receipt by them of the amount stated in the inventory which, with interest, amounted to $2,165.28, a payment to them for services and disbursements, and the amount of $1,900 turned over to themselves as administrators with the will annexed of the estate of Catherine Murphy. The account in the bank, however, in fact continued to remain in the name of Angelina.

From that time on, for a period of twenty years, it does

---

* It appeared from the record that this account was not the account to which the petition relates. — REPORTER.

not appear that anything was done in the administration of either estate. In 1938 the present petitioner was appointed administrator with the will annexed of the estate of Catherine Murphy and also administrator of the goods not administered of Angelina Murphy. He was unable to find the original book issued to her. Finally the bank issued a new book and the account was put in the name "Estate of Catherine Murphy, Fosdick P. Harrison, Administrator." His inventory shows the deposit in that account as of April 26, 1938, to be $4,180.32.

1. The cousins of Catherine Murphy contend that she, at the time of her death in 1913, did not, as the sole next of kin of her mother, have such an interest in the savings bank account standing in the name of her mother that she could dispose of it by will. It is true that when a person dies, either testate or intestate, the title and right to possession of his personal property are vested in his personal representative when appointed, *S. S. Pierce Co.* v. *Fiske*, 237 Mass. 39, 41; *Hobbs* v. *Cunningham*, 273 Mass. 529, 533, but the right to share in the personal property, subject to the payment of debts and charges of administration, vests upon the death, in the next of kin or legatees. *Magee* v. *Commissioner of Corporations & Taxation*, 256 Mass. 512, 516. *McInnes* v. *Spillane*, 282 Mass. 514, 516. *Miller* v. *Parish of the Epiphany, Winchester*, 302 Mass. 323, 327. Subject to the claims of creditors and to administration expenses, such a right may effectively be disposed of before settlement of the estate by assignment, *Security Bank of New York* v. *Callahan*, 220 Mass. 84, 87, or by will. *Angell* v. *Springfield Home for Aged Women*, 157 Mass. 241, 245. Catherine could by will effectively dispose of her interest, as sole heir of her mother.

2. The will was drawn by a layman, in a hospital, in the last few days of the fatal illness of the testatrix, and her intent is not expressed in her will with the legal precision, or with the quantity of words, which might be expected if its drafting and execution were under different circumstances. We think, however, that its language sufficiently indicates the intent to give all she possessed to the legatee

named. She apparently had in mind the disposition of "all" her "property." She did not nominate an executor, and the mention of two places where she had property was consistent with a desire to inform the person who should be charged with the settling of her estate where all her "property" was located. There is nothing in the record to show that she in fact had property at any places other than those named in the will: the place of her residence and the place where she had property stored. It is not disputed that the bank book here in question was found by the original administrators "among the effects" of the testatrix as stated in their inventory. The facts, that she named only one legatee and made no provision as to any residue of her estate, tend to indicate an intent that all her property should go to the legatee named. The bequest of "all my property" was not cut down by a particular description of the property. *Martin* v. *Smith*, 124 Mass. 111, 113. *Allen* v. *White*, 97 Mass. 504, 507.

The language of the will indicates that the testatrix thought she was disposing of all her property, and a construction resulting in a partial intestacy is not to be adopted where, as here, such a construction is not required. *Pickering* v. *Young*, 282 Mass. 292, 293–294. *Hull* v. *Adams*, 286 Mass. 329, 334.

The decree is affirmed. Costs and expenses of this appeal may be allowed to the parties or their counsel in the discretion of the Probate Court.

*Ordered accordingly.*