GEORGE W. DANE *vs.* ABIGAIL A. WALKER & others.

A testator gave a legacy "to my brother J. S." J. S. was an illegitimate son of the testator's mother; but the testator was ignorant that he was not legitimate. *Held*, that J. S. was entitled to the legacy.

A testator gave a legacy of $500 in trust to pay the income to his sister during her life, "and at her decease the principal shall descend to my brother and to his heirs." The brother died before the sister, leaving no children, but leaving a widow, and an estate worth less than $5000. *Held*, that on the death of the sister the legacy was payable, under the Gen. Sts. *c.* 94, § 16, *cl.* 6, to the widow of the brother, and not to his heirs.

An executor who brings a bill for the instructions of the court as to the disposition, between himself and his sister on the one hand, and another party on the other, of property to which he and his sister have no plausible claim, must pay the costs of the other party.

BILL IN EQUITY, filed by George W. Dane, as administrator with the will annexed of the estate of Joseph G. Dane, against Abigail A. Walker, Ellen F. Wallace and Charles D. Wallace, praying for instructions. The case was reserved by *Gray*, J., for the determination of the full court, on the following agreed facts :

Joseph G. Dane died in 1859, leaving a will appointing his brother, Timothy S. Dane, his executor, and containing, besides other provisions, the two following: " I hereby constitute and appoint my said executor to be my trustee for the following uses, trusts and purposes, to wit, to invest from the funds of my estate the sum of five hundred dollars in such securities as he may deem best, and to pay the income thereof semiannually to Ann Maria Arkerson during her natural life, and at her decease the principal shall descend to my brother Timothy S. Dane, and to his heirs, to his and their sole use forever." " Also to invest the further sum of five hundred dollars in the same manner, and to add the interest of said sum to the principal each and every year, for the use and benefit of Charles D. Wallace, son of Charles G. Wallace, until he shall reach the age of twenty-one years, when the same shall be paid over to him for his sole use forever ; but if the said Charles D. Wallace shall die before he comes of age, the said sum and interest shall descend and become the property of my said brother Timothy S. Dane, to be held by him and hi

heirs, to their use and behoof forever." The residue of the estate was given to "my brothers George W. Dane and Timothy S. Dane."

Timothy S. Dane was the illegitimate child of the testator's mother before her marriage with his father, but had always been treated as a member of the family, and the testator was ignorant that he was not his lawful brother. The testator left no parents, widow or issue, but, besides Timothy S. Dane, left surviving his brother, the plaintiff, and his two sisters, Ellen F. Wallace and Ann Maria Arkerson, all three children of the testator's parents. Charles D. Wallace was the son of Ellen F. Wallace.

Timothy S. Dane took out letters testamentary, and afterwards died in September 1861, leaving neither parents nor issue, but a widow, Abigail A. Dane, now Abigail A. Walker, the defendant, and an estate of less than $5000. In December 1861, the plaintiff was appointed administrator of Joseph G. Dane, with the will annexed. In 1868 Ann Maria Arkerson died. The plaintiff and Ellen F. Wallace claimed the first above recited legacy, and also the right in the second legacy contingent on the death of Charles D. Wallace under full age.

*I. Story*, for the plaintiff and Ellen F. Wallace.

*J. P. Converse*, for Abigail A. Walker, was not called upon.

By the Court. This is a very plain case. The designation by the testator in his will of "my brother Timothy S. Dane" clearly described and identified the person who had been commonly called by that name, and who was the son of the testator's mother; and is not defeated by the testator's ignorance of his illegitimacy. By the terms of the first legacy, Timothy took a vested remainder after the death of Mrs. Arkerson in personal property, which upon his own death, leaving an estate of less than five thousand dollars in value, passed to his widow. Gen. Sts. *c.* 94, § 16, *cl.* 6. The claim of the plaintiff and his sister, as next of kin of the testator, is therefore wholly unfounded.

Charles D. Wallace being still alive, the question who will be entitled to the other legacy after his death cannot be now decided.

As the plaintiff in this bill asserts for his own benefit a claim which has no plausible foundation to the property as to the disposition of which he asks the instructions of the court, the decree must be that he pay Timothy S. Dane's interest under the first legacy *To his widow, with costs.*