GEORGE W. COBURN, administrator, vs. WILLIAM H. ANDERSON, trustee.

Middlesex.   September 6. — October 22, 1881.

A testator, by his will, appointed his brother P. executor, and gave him the residue of his estate, after providing for the payment of his debts, and making the following provision: " I give and devise to my said executor eight hundred dollars in money, to have and to hold the same to the use of my sister S., as follows, I desire, in case my sister S. should at any time need assistance or come to want, that my executor should expend such part of said eight hundred dollars as will make her comfortable and keep her so during her lifetime. The remainder, if any, of said eight hundred dollars, at the time of the decease of said S., I give and devise to my brother, said P., and his heirs." *Held*, that the testator intended to create a trust in the money given for the use of S., and to impose upon the executor the duty of a trustee in regard to it; and that he also intended that the income of the fund should be paid to her during life, and so much of the principal as might be necessary for her comfortable support, if she should come to want.

APPEAL by the administrator of Prescott Jones from a decree of the Probate Court disallowing in part an account filed by him in behalf of said Prescott Jones as executor and trustee of Bradley Jones. The case was heard by *Ames*, J., and reserved for the determination of the full court on the following agreed facts.

Bradley Jones died in 1852, leaving a will, which was duly admitted to probate. The will appointed his brother his executor, and contained the following clause :

" After payment of my just debts and charges, I dispose of my estate as follows : I give and devise unto my said executor eight hundred dollars in money, to have and to hold the same to the use of my sister Sarah J. Smithson, wife of Daniel Smithson, of said Dracut, as follows, I desire that in case my sister Sarah aforesaid should at any time need assistance or come to want, that my said executor should expend such part of said eight hundred dollars as will make her comfortable and keep her so during her lifetime. The remainder, if any, of said eight hundred dollars, at the time of the decease of said Sarah, I give and devise to my brother, said Prescott Jones, and his heirs." Then followed certain legacies in money, and a bequest of the residue of his estate to his brother. Letters testamentary were

issued to Prescott Jones, but he never qualified as trustee of Sarah J. Smithson under the will. Prescott Jones died on December 21, 1878, and the appellant was appointed administrator of his estate.

On January 6, 1880, William H. Anderson was appointed trustee for Mrs. Smithson; and the administrator filed an account of his intestate as executor and trustee under the will of Bradley Jones, in which he charged for services as trustee, and for sundry sums paid to Smithson, but made no allowance for interest on the $800. The Judge of Probate ordered that interest be added, and entered a decree that the balance due from the accountant was $896.36.

If interest should not have been charged, the amount to be paid by the appellant to the appellee was agreed to be $277.10. If interest was properly charged, the decree of the Probate Court was to be affirmed, with interest from the date of the decree.

*J. Davis*, for the appellant.

*W. H. Anderson, pro se.*

ENDICOTT, J. The only question to be decided in this case is, whether, under the provision in the will for the benefit of Mrs. Smithson, she or the executor is to receive the income of the fund. The clause is inartificially drawn, and the intention of the testator is not clearly expressed; but taking the whole clause together, and giving full force to all its provisions, we are of opinion that the testator intended that the income of the fund should be paid over to her during life, and so much of the principal as is necessary for her comfortable support, if she should come to want.

By the will, the testator appoints his brother, Prescott Jones, executor; and, after providing for the payment of his just debts and charges, he makes the provision in question for the benefit of Mrs. Smithson, gives certain specific sums of money to several legatees, and the residue of his estate he bequeathes to Prescott Jones.

There can be no doubt that the testator intended by the clause in question to create a trust in a particular sum of money to be set apart for that purpose, and to impose upon his executor the duty of a trustee in regard to it. The executor undertook to

perform that duty, and set apart the money for that purpose; he made numerous payments to Mrs. Smithson during his lifetime, and in the account rendered by his administrator, Mrs. Smithson is charged for his services as trustee. As trustee, he took no beneficial interest on the fund during the lifetime of Mrs. Smithson, the right to the income is not given to him in terms, and upon her decease he or his heirs are to receive only so much of the remainder of the $800 as may remain unexpended. During her lifetime, Mrs. Smithson is the only person who is to receive the benefit of the fund. The trustee, therefore, was bound to manage the fund for the best interest of the *cestui que trust*, and to make no profit out of it for himself; the law imposes that duty upon him, and requires him to keep the fund properly invested, and to account for the income as well as the principal. *Boynton* v. *Dyer*, 18 Pick. 1, 6.

The construction contended for by the appellant would require us to find that the testator intended to give eight hundred dollars outright to Prescott Jones, the executor and residuary legatee, from which sum he was to make payments from time to time to Mrs. Smithson only in the event of her needing assistance or coming to want. But the difficulty is, that the testator does not give the money outright to him; for, upon any construction that can be given to this clause, he is to hold it for her use and during her life, and only upon her death can it become his, or go to his heirs. The appellant contends that the executor, being required in terms to hold the eight hundred dollars to the use of Mrs. Smithson, the succeeding words, beginning " as follows, I desire in case, &c.," limit the use previously declared to the contingency of her coming to want. But, in view of all the provisions of the clause, we are of opinion that those words do not, and were not intended to, limit the use or the trust previously declared, but rather enlarge the powers of the trustee, and give to Mrs. Smithson a right to the principal, if necessary for her comfortable support. In the opinion of the majority of the court, the entry must be *Decree affirmed.*