JOHN L. BATCHELDER & another, petitioners.

Suffolk.   March 29, 1888. — October 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Will — Lapse of Legacy — Failure of Trust — Residuary Clause — Equity Practice and Pleading — Bill for Instructions — Personal Claim of Party Plaintiff.*

A testator, after a legacy to his wife absolutely, devised and bequeathed "all the rest and residue of my estate, real, personal, or mixed," to two trustees for her benefit during her life, and, at her death, gave all of such estate to trustees, as follows : certain pecuniary legacies to persons named, and "all the rest and residue of said estate, to be divided among them equally, share and share alike, to my three sisters."   The testator and his wife died at the same time in the wreck of a vessel.   *Held,* that the legacy to the wife passed by the residuary clause.

The first legacies to be given under the residuary clause, after the death of the testator's wife, were gifts of money to each of her trustees "for the faithful performance of their trust."   *Held,* that the gifts to the trustees failed with the trust.

The two executors of the will, who were also named as trustees for the wife, brought a petition in equity for instructions as to the disposition of the estate, and one of them appeared and asked to file an answer reciting his personal claim against it, but was not permitted to do so.   *Held,* that he could not file the answer, but might present his claim at his own expense by counsel other than those who appeared for him as executor.

PETITION IN EQUITY, filed March 10, 1887, by John L. Batchelder and David O. Paige, executors of the will of Henry L. Batchelder, for instructions as to the disposition of certain

VOL. 147.                       30

portions of the estate.    Hearing before *Devens*, J., who reported the case for the consideration of the full court, so far as material, as follows.

The will, which was dated December 7, 1882, after absolute gifts to the testator's mother and to his wife's mother of $1,000 each, and in the third clause of $15,000 and other property real and personal to his wife, Alta L. Batchelder, contained in the fourth clause a bequest of $30,000 to his executors, in trust, to invest the same in specified securities, and proceeded, so far as material, as follows :

" 5. All the rest and residue of my estate, real, personal, or mixed, I give, devise, and bequeath to said John L. Batchelder and David O. Paige, to have and to hold to them and their successors, but in trust, nevertheless, to the uses and for the purposes as follows, to wit : to invest whatever there may be of personal estate in the same manner as directed in bequest of thirty thousand dollars as aforesaid, and pay the income thereof, together with the income from the investment of said thirty thousand dollars ; also, the income derived from any and all my real estate which may come into their hands as trustees as aforesaid under this will, as often as once a month, of the net receipts from rents from real estate, and, as often at least as once in six months, of the net income from the whole estate, real, personal, or mixed, with a statement therewith to my wife, said Alta L. Batchelder, during and for the term of her natural life, deducting from the aforesaid gross income all necessary expenses and legal charges incident to the management of said estate, including all taxes thereon."    Here followed a provision for keeping up the net income to a certain amount by sale of parts of the trust estate.    " Full power and authority are hereby granted to said John L. Batchelder and David O. Paige, trustees as aforesaid, or to those who, for the time being, may hold the aforesaid property in trust, to sell any real estate that may come into their hands, should my said wife so desire to sell the same under this will, and convey the same by proper deed or deeds duly executed, and invest the proceeds of any such sale or sales in the same manner as hereinbefore directed.

" 6. Upon the decease of my said wife, I hereby give, devise, and bequeath all of said estate so devised and bequeathed to

trustees as aforesaid as follows, to wit: five thousand dollars each to said John L. Batchelder and David O. Paige for the faithful performance of their trust." Here followed pecuniary legacies to persons named. "All the rest and residue of said estate, to be divided among them equally, share and share alike, to my three sisters. . . .

"9. I hereby nominate my wife, said Alta L. Batchelder, my brother, said John L. Batchelder, and said David O. Paige, to be the executors of this will; and I hereby request that they be not required to give sureties on their official bond; and I also request that my said trustees, John L. Batchelder and David O. Paige, be not required to give sureties on any trustee bond."

It was agreed that the testator and his wife died at one and the same time, in the wreck of the steamship City of Columbus, on January 18, 1884, on a voyage from Boston to Savannah.

The sisters of the testator contended that the provisions of the will for the benefit of the wife never took effect; that the bequest to the executors "for the faithful performance of their trust" also failed; and that all the estate remaining in the executors' hands passed to them under the residuary clause of the will.

Certain next of kin and heirs at law of the testator contended that the devise and bequest to the wife in the third clause of the will became intestate property, and were not covered by the residuary clause, but passed to the next of kin and heirs at law of the testator.

One of the executors, David O. Paige, appeared and asked permission to file an answer in his own right, in which he claimed the sum of $5,000 as a legatee under the sixth clause of the will, but the judge refused to allow the answer to be filed, and reserved that question upon the report.

*R. M. Morse, Jr.*, (*M. Morton, Jr.*, with him,) for the petitioners.

*A. Hemenway*, for Paige.

*J. Willard*, (*J. M. Olmstead* with him,) for the next of kin and heirs at law.

*E. T. Burley*, for the sisters.

HOLMES, J. This is a bill for instructions, brought by the executors of the will of Henry L. Batchelder. It is agreed that the testator and his wife died at the same time, in the wreck of

the steamer City of Columbus, (see *Coye* v. *Leach*, 8 Met. 371, 375,) and the main question is whether a legacy of $15,000 to the testator's wife passes under the residuary clause of the will. The residuary clause gives " all the rest and residue of my estate, real, personal, or mixed," to trustees for the testator's wife during her life, and at her death it gives " all of said estate so devised and bequeathed to trustees as aforesaid, as follows, to wit : " certain pecuniary legacies to persons named, and " all the rest and residue of said estate to be divided among them equally, share and share alike, to my three sisters."

It is argued, that the gifts in remainder are confined to the fund given to the trustees for the wife, and that that fund could not have included a distinct fund given to her out and out by an earlier clause of the will. We are not disposed to undervalue the force of this argument, considered as a critical interpretation of words having no established meaning or purpose. But in our day, at least, one settled and understood purpose of a general residuary clause is to prevent a partial intestacy. The testator knows that his specific intentions may fail, and it is partly on that account that he follows up his more particular provisions with a general drag-net. The words " the rest and residue of my estate " have acquired the meaning, not merely of the residue above that which the will purports to dispose of, but of the residue above what it does effectually dispose of in the event. It is immaterial that the will shows that the testator expected and intended a gift to go another way, and did not expect it to pass under the residuary clause, unless the will discloses a distinct intention that it should not pass as part of the residue, even if the specified intention fails. One of the very objects is to provide for unexpected, as well as for expected cases. It is for this reason that lapsed legacies and devises pass under a general residuary clause. *Thayer* v. *Wellington*, 9 Allen, 283. *Lovering* v. *Lovering*, 129 Mass. 97, 100.

When a residue is left to A. for life, with remainder to B. and C., you must consider B. and C., as well as A., in construing the scope of the gift. You must remember that what will be the residue is not certain at the time of the will, but depends upon the event. If A. dies before the testator, B. and C. will take at once. There seems to be no more reason why, because, if the

wife had taken, the $15,000 would not have fallen into the residue, that fact should prevent its falling into the residue when she does not take, than there would be if the gift had been to a third person. It is true that the language and the machinery of the will before us are somewhat nicer than a simple gift of the residue to the wife for life, with remainder to the testator's sisters. But we think it would be straining the words used, to say that they expressed any clearer intent to exclude the $15,000 from the residue in all events, than a simple gift to the wife for life with remainder over would have done. They do not express any intent one way or the other with regard to the $15,000 specifically, and the mere fact that, if the whole will had taken effect, that sum would have gone under the third clause, is no more than is true whenever a legacy lapses.

In *In re Spooner's trust*, 2 Sim. (N. S.) 129, a testatrix having a power of appointment appointed to her children by name, and constituted one son her residuary legatee. Another son died without issue in the testatrix's lifetime, and it was held that no such contrary intention appeared in the will as to prevent the residuary legatee from taking the share of the deceased son, which it had been ineffectually attempted to appoint specially. In *Bernard v. Minshull*, Johnson, 276, a testatrix having a power of appointment recited it, expressed an intention to exercise it, and appointed to her husband, but requested him to make a disposition of a specified part to carry out her expressed wishes. This request failed, because the testatrix had failed to express her wishes. It was held, that the husband was entitled to the part which he was intended not to take under the appointment, by virtue of a gift to him of "all and singular other my property and estate." Here it was very plain that the testatrix did not contemplate any part of the appointed fund passing under the residuary clause, but the general intent of the residuary clause prevailed, and the Vice-Chancellor, Page Wood, observed, that a very strong case must be made in order to induce the court to arrive at the conclusion that the property was effectually excepted out of the operation of the residuary clause. He also said, "All you have to consider is, whether the property is excepted in order to take it away under all circumstances and for all purposes from the persons to whom the rest of the

property is given ; or whether it is excepted merely for the purpose of giving it to somebody else." Applying these criteria, — which seem to us not at all too strongly stated, — we are of opinion that the legacy of $15,000 passes by the residuary clause. See also *Evans* v. *Jones*, 2 Coll. 516.

The first of the legacies which are given, as we have stated, by the residuary clause, after the death of the testator's wife, are gifts of $5,000 each to the two trustees for the wife " for the faithful performance of their trust." The words used expressly make the faithful performance of the trust the consideration and the condition of the right to the legacies, and negative the supposition that the legacies are given unconditionally, as marks of personal regard. Even if we should go so far as to say that the gifts of $5,000 are in addition to such ordinary compensation as might be allowed by the court, in view of the provision deducting from the gross income all necessary expenses and legal charges incident to the management of the estate, still it is clear that they are compensation, and conditioned as we have said. The trust has failed, and the legacies fail with it. *Kirkland* v. *Narramore*, 105 Mass. 31. *Barber* v. *Tebbitt*, 29 Ch. D. 893.

The case presents a question of practice. The executors who bring the bill are also the parties named as trustees, and as such have an interest in the question just discussed. Bills for instructions suggest the analogy of bills of interpleader, although the jurisdiction of the former has been referred to the statutory jurisdiction in cases of trusts. Pub. Sts. c. 151, § 2, cl. 2. *Treadwell* v. *Cordis*, 5 Gray, 341, 348. It was laid down in *Houghton* v. *Kendall*, 7 Allen, 72, that, considering the plaintiff's relation to the parties, and the fact that he cannot be allowed to charge the estate for the costs of an argument, he ought not to take any part in the discussion. Afterwards the court passed a rule that, in such bills, no counsel for the plaintiff shall appear, or be heard, or act for and in behalf of any or either of the defendants. 26th Chancery Rule, 136 Mass. 607. But however it may have come about, it is settled in this Commonwealth, by long established practice and by decision, that the scope of bills for instructions is wider than that of bills of interpleader. *Stevens* v. *Warren*, 101 Mass. 564. *Putnam* v. *Collamore*, 109

Mass. 509. Decrees repeatedly have been made upon bills disclosing and asserting upon their face an interest in the plaintiff; e. g. *Dane* v. *Walker*, 109 Mass. 179, 181; *Goddard* v. *May*, 109 Mass. 468; *Hooper* v. *Hooper*, 9 Cush. 122. Therefore the interest of the plaintiffs, apparent on the face of the bill, was not fatal to the jurisdiction, as it would be in a case of interpleader. Of course they could not file an answer to their own bill, nor did they need to do so. But in a case like the present, where no objection is made to the mode of proceeding, we see no mischief in their being allowed to present their personal claims, at their personal expense, by different counsel from those who appear for them in their official capacity as executors.

*Decree accordingly.*