MARY E. BUSHBY & another, executors, *vs.* SARAH S. NEWHALL
& another.

Essex.   May 20, 1912. — June 19, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Devise and Legacy,* Residuary clause.

A will contained the following clause: "Whereas I wish to distribute my . . .
personal effects among my friends but am not now ready to indicate what that
distribution shall be, I therefore hereby declare that I intend to indicate such
distribution by a letter to accompany this my last will which I wish to be taken
and treated as a part of my said will." It did not appear that any such letter
ever was written. The will contained a general residuary clause. *Held,* that the
testator's personal effects, left undisposed of under the clause above quoted,
were to be distributed in accordance with the residuary clause of the will, since
there did not appear in the will an intention that in no event should they
so pass.

DeCOURCY, J.   The will of Mary Jane Busby contained the
following clause: "Whereas I wish to distribute my wardrobe and
personal effects among my friends but am not now ready to indi-
cate what that distribution shall be, I therefore hereby declare
that I intend to indicate such distribution by a letter to accompany
this my last will which I wish to be taken and treated as a part of
my said will." No such extrinsic document was in existence at
the time the will was executed, nor later, so far as appears, and con-
cededly no legal disposition of the property was made under this
clause. *Thayer* v. *Wellington,* 9 Allen, 283. The executors peti-
tion for instructions as to whether the wardrobe and personal effects
are made a part of the residue under the will or pass to the next
of kin as intestate property.

A general residuary clause such as that contained in this will
is designed to prevent a partial intestacy. It provides not only
for the property remaining above what the will purports to dis-
pose of, but also for that which it undertakes to dispose of but
fails to do so effectively. Thus, except where the beneficiary is
a child or other relation of the testator (R. L. c. 135, § 21), a legacy
or devise that lapses on account of the death of the legatee or

devisee before the period arrives for its payment falls into the residuum. *Lovering* v. *Lovering,* 129 Mass. 97, 100. The same disposition is made of a devise or legacy that is revoked, *Bigelow* v. *Gillott,* 123 Mass. 102, and of one that is void. *Batchelder, petitioner,* 147 Mass. 465, 468. In all these instances, as in the case at bar, the testator expected the gift to go another way than as part of the residuum. But as the court say in *Thayer* v. *Wellington, supra,* "we take the rule to be that a general residuary clause passes all the estate of the testator not otherwise disposed of, unless it is manifestly contradictory to the declared purpose of the testator, as found in other parts of the will. There must be a clear intention that in no event it shall pass to the residuary devisee."

No such clear intention is manifested in this will. Presumably the testatrix meant to dispose of all her property under the residuary clause unless she should effectively provide otherwise by letter. It may be that she failed to write the intended letter, or that she wrote and destroyed it for the reason that she changed her mind and concluded to have this property go to the residuary legatees. But whether the failure to alter the definite provisions in her will arose from accident or design, no future determination could effectively take this property out of the residue unless expressed in a codicil or subsequent will legally executed as a testamentary instrument.

We are of opinion that the wardrobe and personal effects referred to in the first section of the will are part of the residue of the estate. This renders it unnecessary to determine what property mentioned in the inventory is "wardrobe and personal effects." The decree of the Probate Court is to be affirmed.

*So ordered.*

The case was submitted on briefs.

*J. W. Allen & A. A. Silton,* for the next of kin.

*A. B. Tolman,* for the residuary legatees.