ROBERT H. GARDINER, trustee, *vs.* PAUL P. PELTON & others.

Norfolk.     March 14, 1927. — July 11, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Trust*, Construction of instrument creating trust. *Devise and Legacy*, Construction against intestacy.

The general presumption is that a testator by his will intended to dispose of his entire estate and not to die intestate as to any part of it.

The intention of a testator is to be ascertained from a consideration of the provisions of the will read together, and not from isolated portions.

An enumeration of paragraphs or a mistaken use of them will not be regarded in the construction of a will where the effect of doing so would be to override the testator's intention shown by a reading of the whole will.

A will, after an introductory paragraph, contained a paragraph designated "First" directing the payment of debts and expenses, followed by a paragraph designated "Second" in which he gave "all my estate remaining after the payment of said debts and expenses" to a trustee in "trust for the following purposes, viz." There then followed two paragraphs, one designated "1st" and the other designated "2d." In the "1st," a $100,000 fund was set up with provisions for payment of income and, ultimately, the principal to children and their issue, but with no provision covering the contingency of a child dying without issue. The "2d" began: "And upon the further trust, immediately after such appraisal shall be completed to hold all the rest and residue of my said estate, over and above said property to the value of One Hundred Thousand Dollars set apart as aforesaid, in equal shares for the benefit of all my then surviving children and the then surviving issue by representation of any deceased child." Following were provisions for an immediate payment of a portion of the principal to certain children and further provisions for payment of income and principal and, as the last sentence and without a break in the paragraph, the following: "But in case any child of mine shall die leaving no issue, or if all the issue of any deceased child shall become extinct before the share of such child or issue of deceased child shall become payable, then it is my will that the portion which would have fallen to such child, or issue, if living, shall fall into the principal sum of this trust fund and be divided as herein provided." In a suit by the trustee for instructions as to distribution after the death of a child of the testator without issue, it was *held*, that, determining the intention of the testator from the whole will, the provision last above quoted was not limited to the fund described in the paragraph designated "2d" but applied both to the paragraph designated "1st" and that designated "2d," they comprising one trust fund.

PETITION IN EQUITY, filed in the Probate Court for the county of Norfolk on April 24, 1926, by the trustee under the will of Florentine W. Pelton for instructions.

The petition was heard by *McCoole*, J. The will was in form as follows: An introductory paragraph was followed by a paragraph designated "First" providing for the payment of debts and expenses. There next followed a paragraph designated "Second" of the following substance:

"Second. I give, devise and bequeath, all my estate remaining after the payment of said debts and expenses, real, personal or mixed of which I shall die seized and possessed or to which I shall be entitled at the time of my decease, to . . . .

"In trust for the following purposes, viz: —

"1st. Forthwith upon my decease to set apart, or cause to be set apart, at a fair appraisal, property to the

value of One Hundred Thousand dollars, if so much there shall be, and if there shall not be so much then my entire estate, the same to be thereafter kept apart as a separate fund and to be held, managed, controlled, invested, reinvested and paid over by them, as follows, viz: . . . [here followed detailed provisions relating to payments of income and of principal among issue of deceased children, but no provision relating to payments in case a child died without issue.]

"2d. And upon the further trust, immediately after such appraisal shall be completed to hold all the rest and residue of my said estate, over and above said property to the value of One Hundred Thousand Dollars set apart as aforesaid, in equal shares for the benefit of all my then surviving children and the then surviving issue by representation of any deceased child . . . [here followed provisions, among them a direction for payments forthwith from the principal fund, and for further payments of income and ultimate disposition of principal, and then, with no break in the paragraph, the following:] But in case any child of mine shall die leaving no issue, or if all the issue of any deceased child shall become extinct before the share of such child or issue of deceased child shall become payable, then it is my will that the portion which would have fallen to such child, or issue, if living, shall fall into the principal sum of this trust fund and be divided as herein provided.

"And in any event it is my will that any portion of the trust fund remaining undivided at the expiration of twenty one years after the death of my last surviving child shall be thereupon divided among the persons entitled, whatever may be their age. . .

[There here followed, before the *in testimonium* clause, three unnumbered paragraphs, the first and second relating to powers given the trustees, and the third appointing executors and trustees.]"

The paragraph denominated "1st" included forty-two lines of the printed record; that denominated "2d," thirty-eight lines.

Other material facts and the decree entered by order of the judge are stated in the opinion.   Paul P. Pelton, a son of the testator, appealed.

The appellant in his brief before this court, referring to the fund designated in the paragraph designated "2d" above set out as the "Balance Fund," stated as the two questions involved in his appeal the following: "First: In the absence of any provision in the $100,000 Fund relating to the event which has occurred, namely, the death of a child without issue, is the provision of the Balance Fund, quoted above, applicable to the $100,000 Fund?   Second: Is the share of the Balance Fund (and the share of the $100,000 Fund if the provision in question is held to apply to the $100;000 Fund) disposed of by the provision in question — in other words does the provision of the Balance Fund fit the circumstances which have arisen?   If the provision does not apply to the $100,000 Fund, then Garnet's share of that fund must pass as intestate property of the testator; if, on the other hand, it is held that the provision does apply, then both the $100,000 Fund and the Balance Fund are on the same footing, and whether the share of each fund shall pass as intestate property of the testator or under the will depends on whether the provision in question does or does not cover the event which has occurred."

*A. F. Bickford,* for the petitioner, stated the case.

*F. C. Gray,* for Paul P. Pelton and another.

*C. L. Barlow,* for Robert H. Gardiner, administrator.

*A. T. Smith,* for Elizabeth S. Pelton and another.

*R. C. Curtis,* for Horace D. Pelton.

BRALEY, J.   By the will of Florentine W. Pelton, which was admitted to probate September 2, 1885, the testator, after payment of his debts, made provisions for the maintenance of his wife and for the benefit of his five sons and three daughters, all of whom survived him.   To effectuate his purpose the testator created two trust funds, the first consisting of $100,000, and the second consisting of any balance which remained after the first fund had been established and set apart.   The widow died December 26, 1918, and the funds have been distributed from time to time

to the persons thereto entitled except the shares held in trust for the benefit during their lives of Marion P. Guild and Garnet Isabel Pelton, daughters of the testator. But Garnet Isabel Pelton, who never married, having died testate June 15, 1925, the trustee filed a petition in the court of probate for instructions as to whom, and in what proportions her share should be now paid.

When the widow died, the children and the issue of deceased children of the testator then living were Marion P. Guild, Garnet Isabel Pelton, and Paul Philip Pelton, who were over thirty years of age, Horace D. Pelton, a minor and son of Franklin F. Pelton, a deceased son of the testator, and Harold F. Pelton and Elizabeth S. Pelton, children of Harold J. Pelton, a deceased son of the testator, each over twenty-one years of age. It appears from the uncontroverted recitals in the petition, that by reason of the termination of some of the estates created for the benefit of his other children, only five of the testator's children, or those succeeding to their rights, are entitled to participate in Garnet's share of the fund, which would be divided into five parts, subdivided as follows: Franklin Pelton's one fifth passed to Horace D. Pelton; Florentine A. Pelton's one fifth passed by his will to his widow, who is now Mabell S. C. Smith; Harold J. Pelton's one fifth, one half of which passed to Harold F. Pelton, and from him passed to Mary G. Scott, Elizabeth S. Pelton and Bronson B. Scott in equal shares, each receiving one thirtieth, the remaining one half passed to Elizabeth S. Pelton, who gets one tenth of Harold J. Pelton's share and also one thirtieth of Harold F. Pelton's share. Accordingly Elizabeth S. Pelton would receive four thirtieths, Mary G. Scott one thirtieth, and Bronson B. Scott one thirtieth, Marion L. Pelton, now Guild, receives one fifth, and Paul Philip Pelton one fifth. The court of probate so ordered.

The appellant, Paul Philip Pelton, however, contends, that such distribution cannot be made because the testator did not provide for the disposition of Garnet's share after her life estate terminated.

The second paragraph of the will creating the second trust, provides: "But in case any child of mine shall die leaving

no issue, or if all the issue of any deceased child shall become extinct before the share of such child or issue of deceased child shall become payable, then it is my will that the portion which would have fallen to such child, or issue, if living, shall fall into the principal sum of this trust fund and be divided as herein provided." The general presumption is that the testator intended to dispose of his entire estate and not to die intestate as to any part of it. *Hedge* v. *State Street Trust Co.* 251 Mass. 410, 412, and cases cited. And the intention of the testator is to be ascertained from a consideration of the provisions of the will read together, and not from isolated portions. *Hawley* v. *Northampton*, 8 Mass. 3. *Boston Safe Deposit & Trust Co.* v. *Coffin*, 152 Mass. 95, 99. If the will is thus considered, the purpose of the testator to make a testamentary disposition of all his estate is manifest. The second article which creates the trusts opens with the words, "I give, devise and bequeath, all my estate remaining after the payment of . . . debts and expenses, real, personal or mixed of which I shall die seized and possessed or to which I shall be entitled at the time of my decease . . . . In trust for the following purposes." While the provision which relates to the contingency of the death of a child without issue appears in the wording of the second trust and is not stated in a separate article, it is not limited to either, but embraces both trusts. The tenor of the will shows that he desired to make ample provision for the welfare of his sons and of his daughters after the death of their mother, and the amount of the first fund of $100,000 substantially exhausted the estate, leaving less than $10,000 for the second fund. It was one trust fund, however denominated or administered, which the testator had in mind, for he says, "And in any event it is my will that any portion of the trust fund remaining undivided at the expiration of twenty one years after the death of my last surviving child shall be thereupon divided among the persons entitled, whatever may be their age." The power of sale conferred upon the trustees by the article following the trust clauses also authorizes them to sell any portion, or the whole of the real estate which "they may hold under the trust hereby created."

The enumeration of paragraphs or a mistaken use of them will not be regarded in the construction of a will where the effect must be to override the testator's intention. *Bruce* v. *Bruce,* 90 N. J. Eq. 573, 575. The use of the phrase "this trust fund" applies equally to either fund under the same rule, and the testator's intention should not be defeated by an inapt use of language, or confused classification. *Shattuck* v. *Stickney,* 211 Mass. 327, 333. *Jones* v. *Gane,* 205 Mass. 37. *Springfield Safe Deposit & Trust Co.* v. *Dwelly,* 219 Mass. 65, 69. It also is not without significance that in a codicil to his will he empowered the trustees "if it shall be in their judgment necessary, to pay out of the principal sum of that part of my estate described in said will as 'the rest and residue of my said estate over and above said property to the value of One Hundred Thousand Dollars set apart as aforesaid,' a sum not exceeding five hundred dollars per year for the education of either of my children who shall survive me. But in no event shall my said trustees impair or diminish said fund of One Hundred Thousand Dollars."

The clause in question when read in connection with the scheme of the will, means, that if any child to whom an income for life only has been given shall die leaving no issue, then the portion which otherwise would have passed to such issue, if living, shall fall into the principal and be distributed "as herein provided."

The decree is affirmed with such additional costs taxed on the fund as the judge of probate in his discretion may determine.

*Ordered accordingly.*