JAMES WINTHROP PICKERING, executor, *vs.* B. LORING
YOUNG, administrator, & others.

Norfolk.   November 18, 21, 1932. — March 9, 1933.

Present: RUGG, C.J., CROSBY, FIELD, & LUMMUS, JJ.

*Devise and Legacy,* What estate.   *Trust,* What constitutes.

Under a will wherein the testator provided, "I give" the residue of the
estate to a woman, a cousin, "one half to be used for her brother,"
who was named and who had no issue; and, in case the testator sur-
vived the woman, "the money willed to her is to be given" to a cer-
tain charity, the woman took an absolute and beneficial estate in the
entire residue, charged with or subject to a life interest in one half
thereof in favor of her brother.
Both the woman and her brother above mentioned survived the testator.
The brother died a few months after the woman's death. *Held,* that,
upon his death, the personal representative of the woman was en-
titled to hold the entire residue of the testator's estate in absolute
and beneficial ownership; and the brother's personal representative
was entitled only to the unpaid income from one half of the residue
up to the time of his death.

PETITION for instructions, filed in the Probate Court for
the county of Norfolk on December 3, 1931, by the execu-
tor of the will of Frances C. Sparhawk, late of Brookline.

Material portions of the will and material facts are stated
in the opinion.  By order of *McCoole,* J., a decree was
entered adjudging that the executors of the will of Abby
R. Loring were entitled to the entire residue of the estate
of Frances C. Sparhawk.  The respondent B. Loring
Young, administrator of the estate of E. James Loring,
appealed.

*C. E. Wyzanski, Jr.,* (*B. L. Young* with him,) for the
respondent administrator of the estate of E. James Loring.

*R. G. Wellings,* (*I. H. Ellis* with him,) for the respondent
executors of the will of Abby R. Loring.

LUMMUS, J.  The residuary clause of the will of Frances
C. Sparhawk was as follows: "The remainder of my estate

— excluding articles named in the unattested list — after the Executor shall have paid all expenses, I give to my cousin, Abby R. Loring, one half to be used for her brother, E. James Loring. Or should I survive her, the money willed to her is to be given" to the "Massachusetts Medical Benevolent Society." The disposition of the articles named in the unattested list, which the executor was directed to distribute to persons named in that list, is not now in question. That list dealt with a multitude of household and personal belongings, many of them evidently of small value. The question raised relates to the disposition of about $4,000 passing under the residuary clause. Both Abby R. Loring and E. James Loring survived the testatrix. Abby R. Loring died January 26, 1931, and E. James Loring died August 12, 1931. It is conceded that the executors of the will of Abby R. Loring are entitled to half the fund at least. The other half is claimed by said executors, and also by the administrator of the estate of E. James Loring.

The administrator of the estate of E. James Loring contends that the testatrix intended equality between Abby R. Loring and E. James Loring. If that had been her intention, it would have been easy and natural to give them the residue in equal shares. *Shattuck* v. *Wall*, 174 Mass. 167. *Boynton* v. *Boynton*, 266 Mass. 454, 460. If the management only of the share of E. James Loring was to be confided to Abby R. Loring, it would have been easy and natural to give half to Abby R. Loring absolutely, and half to her in trust for E. James Loring. The testatrix, on the contrary, used the word "give" only with respect to Abby R. Loring, and spoke of the "money" as "willed to her." She was, apart from her brother, the only relative of the testatrix made a legatee in the will. There is a gift over of the "money willed to her" in case she should fail to survive the testatrix, but no provision is made for the possibility that E. James Loring might fail so to survive. If by the "money willed to her" is meant the entire residue, apart from the articles named in the unattested list, no partial intestacy could occur; and where the testatrix has made a residuary gift, and apparently thought she was

disposing of her whole estate finally, a construction that might result in partial intestacy is not to be adopted unless plainly required. *Lyman* v. *Sohier,* 266 Mass. 4, 8. On the other hand, if the words "money willed to her" mean only one half the residue, then there is no gift over as to the other half in the event that E. James Loring should fail to survive the testatrix, and a partial intestacy would result, since he apparently had no issue. *Worcester Trust Co.* v. *Turner,* 210 Mass. 115, 121. *Casey* v. *Genter,* 276 Mass. 165, 170. G. L. (Ter. Ed.) c. 191, § 22. *Ashley* v. *Lester,* 281 Mass. 261. The natural construction of the gift over is that the words "money willed to her" include the entire residue, apart from the articles named in the un-attested list, and that the entire residue was to pass to the Massachusetts Medical Benevolent Society in the event that Abby R. Loring should fail to survive the testatrix, without regard to the survival of E. James Loring. The provision for E. James Loring was plainly in subordination to that for Abby R. Loring.

What interest did E. James Loring take in the residuary estate? By the language of the gift, he was entitled to have his sister use for his benefit one half of the "remainder" or "money" given or "willed to" her. What has already been said is sufficient to show that the testatrix did not intend to give him an absolute inheritable interest as *cestui que trust* in the entire half. The words are capable of the construction that he was to have only the income for life in one half the residue, and we think that the probable intention. *Coburn* v. *Anderson,* 131 Mass. 513. *Bramley* v. *White,* 281 Mass. 343. Upon his death, the disposition of the remainder interest in his half must be determined. Abby R. Loring did not take one half of the residue purely as trustee, upon a trust, in which case upon performance or failure of that trust there would be a resulting trust in favor of the next of kin of the testatrix. She took rather an absolute and beneficial estate in the entire residue, charged with or subject to a life interest in one half in favor of E. James Loring, with the result that upon his death his interest "sank into" the property bequeathed

to Abby R. Loring which her executors are thereafter entitled to hold in absolute and beneficial ownership. *Woodbury* v. *Hayden*, 211 Mass. 202. *Johnson* v. *Johnson*, 215 Mass. 276. *Slattery* v. *Wason*, 151 Mass. 266. *Casey* v. *Genter*, 276 Mass. 165. *King* v. *Denison*, 1 V. & B. 260. *Gilbert* v. *Bennett*, 10 Sim. 371. *Hughes* v. *Evans*, 13 Sim. 496. *Browne* v. *Paull*, 1 Sim. N. S. 92. *Tucker* v. *Kayess*, 4 Kay & Johns. 339. *Clarke* v. *Hilton*, L. R. 2 Eq. 810. *Irvine* v. *Sullivan*, L. R. 8 Eq. 673. *Croome* v. *Croome*, 59 L. T. (N. S.) 582, affirmed 61 L. T. (N. S.) 814. *Morrison* v. *M'Ferran*, [1901] 1 Ir. R. 360.

The decree must be modified by awarding to the administrator of the estate of E. James Loring the income from one half the residue from the death of the testatrix to the death of E. James Loring (G. L. [Ter. Ed.] c. 197, §§ 26, 27), so far as it remains unpaid, and as so modified the decree is affirmed.

*Ordered accordingly.*