ALFRED F. RILEY *vs.* LEO J. McMASTER & others.

Barnstable.     April 6, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Devise and Legacy,* Validity, Construction against intestacy, Residuary clause.

A clause in a will, which followed legacies and stated a disposition to be made of "All the . . . residue . . . (with the exception of certain articles . . . listed by me before my death with instructions as to their distribution)," and was followed by other legacies, was not rendered wholly void by the invalidity of the parenthetical provision, nor was the intention of the testator shown to be that, if the parenthetical provision was void, the property therein referred to should not fall into the residue; such property should be distributed according to that clause.

PETITION, filed in the Probate Court for the county of Barnstable on March 20, 1942.

The case was heard by *Campbell,* J.

In this court, both parties conceded that the attempted bequest by the list of jewelry and personal effects mentioned in the clause of the will as to "residue" was void.

*H. Katz,* for the petitioner.

*J. S. Mechem,* for the guardians ad litem.

*J. Spiegel,* for the respondent Condita Riley, submitted a brief.

LUMMUS, J. This is a petition for the interpretation of the will of Mary T. Riddle, late of Barnstable, who died on January 1, 1941. By her will she gave to twelve persons pecuniary legacies ranging from $100 to $1,500, and

gave to Leo J. McMaster "all stocks and securities owned by me at the time of my death." ·

Her will continued as follows: "All the rest, residue and remainder of my estates, real and personal, (with the exception of certain articles of jewelry and personal effects listed by me before my death with instructions as to their distribution) to be divided equally between Condita Riley of Boston, Mass. and Mary Catherine Gillis of Hyannis, Mass.

"The articles of jewelry and personal effects listed for distribution, and referred to above, are to be distributed according to said list by the Executor of this will."

Then follow two legacies of $100 each "from the rest and residue of my estate," a devise of a cemetery lot, and a provision for the cancellation and discharge of a $500 note and mortgage given by one Mabel Phinney.

The Probate Court entered a decree, adjudging that the provision for the distribution of "certain articles of jewelry and personal effects" according to the list was void, ordering their distribution to the residuary legatees, and declaring that the residuary clause with that provision stricken out was valid. The petitioner, who is the sole heir and next of kin of the testatrix, appealed.

The unattested list was not a valid testamentary gift. *Thayer* v. *Wellington*, 9 Allen, 283. *Old Colony Trust Co.* v. *Cleveland*, 291 Mass. 380. The personal property listed passes under the residuary clause, unless the will shows a clear intention to the contrary. *Thayer* v. *Wellington*, 9 Allen, 283, 295, 297. *Bigelow* v. *Gillott*, 123 Mass. 102, 106, 107. *Batchelder, petitioner*, 147 Mass. 465, 468. *Bushby* v. *Newhall*, 212 Mass. 432. *Casey* v. *Genter*, 276 Mass. 165, 170. *Wellman* v. *Carter*, 286 Mass. 237, 249, 250. There is a strong presumption against intestacy. *Old Colony Trust Co.* v. *Treadwell*, 312 Mass. 214, 216.

The legacies which follow the residuary clause in the will have the same effect as though they preceded it. They are payable "from the rest and residue" in the sense that the rest and residue is thereby reduced. We cannot agree with the appellant that the whole residuary clause is void. Even the provision with respect to the goods on the list is not

logically a part of the residuary clause. In effect a specific legacy is attempted as to such goods, and the testatrix intended that such goods should be taken out before the residuary property should be ascertained. Since the gift of such goods fails, they fall within the residue. The fact that the residuary gift is made "with the exception of" the listed goods, does not show that those goods do not fall within the residue when the unattested gift of them fails. In our opinion the case is governed by *Bushby* v. *Newhall*, 212 Mass. 432, and similar cases.

*Decree affirmed.*